IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIDGESTONE AMERICAS, INC.,

     Plaintiff,

v.

INTERNATIONAL BUSINESS
MACHINES CORPORATION,

     Defendant,

ALEXANDER PROUDFOOT
COMPANY,

     Objector.

CIVIL ACTION FILE NO.

1:16-cv-2618-TCB-JKL

(Matter Pending in M.D. Tenn. under
Docket No. 3:13-cv-1196)

## ORDER

This matter is before the Court on Defendant International Business Machines Corporation's ("IBM's") motion to compel nonparty Alexander Proudfoot Company ("Proudfoot") to comply with a nonparty subpoena *duces tecum* (the "Subpoena").[1]  [Doc. 1.]  I have considered the briefs and heard oral

---

[1] Under 28 U.S.C. § 636(b)(1)(A), a judge may designate a magistrate judge to rule on "any pretrial matter pending before the court," except certain enumerated motions.  Motions to compel discovery are automatically referred to a magistrate judge under this Court's standing order on the referral and assignment of civil cases and matters to magistrate judges.  *See* Standing Order No. 14-01 (N.D. Ga. Aug. 15, 2014).

argument on the motion, and for the reasons stated at the August 5, 2016 hearing, the Court **ORDERS** that on or before **August 19, 2016**, Proudfoot produce to IBM documents responsive to Request Nos. 17, 18, and 19 that are within the custody of Proudfoot employee Karin Harrison.  Proudfoot shall use the keywords agreed to by the parties in searching for responsive documents, *see* Doc. 1-9 at 6-7, and shall restrict the period to between January 1, 2010 and June 1, 2011.  If IBM determines that the documents produced from Ms. Harrison's custody are insufficient, Proudfoot may request that this Court order the production of additional documents from up to two additional Proudfoot custodians.

     **IT IS FURTHER ORDERED** that any documents that Proudfoot produces be subject to a protective order that, *inter alia*, protects against the unrestricted disclosure or use of such documents, contains a "clawback provision" pertaining to the production of privileged or work-product documents, and affords Proudfoot protection under Federal Rule of Evidence 502(d) against waiver of privilege.  As discussed at the hearing, IBM shall prepare and send the initial draft of the proposed protective order to counsel for Proudfoot on or before **August 8, 2016**.

     **IT IS FURTHER ORDERED** that after documents have been produced, IBM and Proudfoot may submit motions for cost-shifting "significant expenses resulting from [Proudfoot's] compliance" with the Subpoena.  *See* Fed. R. Civ. P.

45(d)(2)(B)(ii).  The Court encourages the parties to attempt to reach agreement on their own and "expects that [Proudfoot's] account of its claimed expenses will be specific and lean."  *See United States v. McGraw-Hill Cos.*, 302 F.R.D. 532, 536-37 (C.D. Cal. 2014).  To the extent that Proudfoot seeks reimbursement of its expenses, Proudfoot's motion "must include a careful accounting of all expenses, how they 'resulted from compliance,' and an explanation as to their reasonableness."  *Id.* at 537.

**IT IS SO ORDERED** this 5th day of August, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge